**ILLINOIS DEPARTMENT OF HUMAN SERVICES, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF EDUCATION, Rod Paige, in his official capacity as Secretary of Education, Ellen J. Alexander, Joseph C. Luman, Robert R. Humphreys, and the United States Department of Defense, Defendants–Appellees.**

No. 03–1916.

United States Court of Appeals, Seventh Circuit.

Argued March 29, 2004.

Decided June 2, 2004.

Catherine B. Weiler, Office of the Attorney General, Chicago, IL, for Plaintiff–Appellant.

Joshua Z. Rabinovitz, Department of Justice, Washington, DC, Thomas P. Walsh, Office of the United States Attorney, Chicago, IL, for Defendants–Appellees.

Before CUDAHY, ROVNER, and DIANE P. WOOD, Circuit Judges.

### ORDER

This appeal is about a contract for food services at the Great Lakes Naval Training Center in Great Lakes, Illinois. The Department of the Navy issued the contract on September 30, 1998, to Goodwill Industries pursuant to the provisions of the Javits–Wagner–O'Day Act, 41 U.S.C. §§ 46–48(c), a statute intended to provide employment opportunities for blind and severely disabled people. The Illinois Department of Human Services (IDHS) believes that the Navy should have issued the Great Lakes contract under the Randolph–Sheppard Act, 20 U.S.C. § 107 *et seq.*, a statute enacted to provide economic opportunities for blind vendors.

Approximately 30 months after the Navy executed its contract under the Javits–Wagner–O'Day Act, IDHS sought arbitration under the Randolph–Sheppard Act. A majority of the three-member arbitration panel dismissed IDHS's complaint. IDHS sought review in the district court, which upheld the arbitration panel's decision. IDHS then appealed to this court, which heard oral argument on March 29, 2004.

On March 26, 2004, the defendants-appellees filed a "Suggestion of Mootness," indicating their belief that the contract at issue had been fully performed. We instructed the parties to file supplemental briefs on the question of mootness, which they have now done. Our review of the record and supplemental filings demonstrates that the disputed contract has indeed been fully performed and is no longer in effect, as it expired on September 30, 2003. Both parties agree that the appeal is moot.

Therefore, we GRANT the request of IDHS to dismiss this appeal under Federal Rule of Appellate Procedure 42(b). Each party shall bear its own costs.